UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BYRON GREEN,<br><br>               Plaintiff,<br>v.<br><br>WASHOE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada, and DOES 1-10, inclusive.<br><br>               Defendants. | Case No. 3:21-CV-00442-ART-CLB<br><br>ORDER ON DEFENDANT'S MOTION FOR JURY TRIAL<br>(ECF No. 74) |

Before the Court is Defendant's Motion for Jury Trial. (ECF No. 74.) Defendant asks the Court for a jury trial on all pending claims pursuant to Federal Rule of Civil Procedure 39(b). Plaintiff responded in opposition to the motion. (ECF No. 75.) For the reasons set forth below, the Court denies Defendant's Motion for Jury Trial.

**I.  BACKGROUND**

Plaintiff Green filed his initial complaint in this action on November 15, 2019, in the Second Judicial District of the State of Nevada. (ECF No. 1-2, Ex. B-1 at 3.) In the Joint Case Conference Report on July 2, 2020, represented by previous counsel, Mr. Green posits that a jury demand was filed. (ECF No. 1-2, Ex. B-20 at 289.) The subsequent scheduling order noted that while a jury trial was initially scheduled, counsel for both parties agreed to a non-jury trial on September 24, 2020. (ECF No. 1-2, Ex. B-33 at 677.) Plaintiff filed his First Amended Complaint on September 23, 2021. (ECF No. 1-2, Ex. A at 2.)

On October 7, 2021, Defendant removed this action to federal court. (ECF

No. 1.) It did not file and serve a jury demand with its notice of removal. (*Id.*) Defendant also did not make a jury demand in its Answer to Plaintiff's First Amended Complaint. (ECF No. 6.) On July 23, 2025, Defendant filed its Motion for Jury Trial. (ECF No. 74.)

## II. LEGAL STANDARD

Nevada Rules of Civil Procedure ("NRCP") 38(b) states that a party may demand a jury trial by "(1) serving the other parties with a written demand – which may be included in a pleading – at any time after the commencement of the action and not later than the time of entry of the order first setting the case for trial; (2) filing the demand in accordance with Rule 5(d); and (3) unless the local rules provide otherwise, depositing with the court clerk an amount of money equal to the fees to be paid the trial jurors for their services for the first day of trial."

A party wishing to exercise its right to a jury trial in federal court must make a demand "not later than fourteen days after the service of the last pleading directed to such issue." Fed. R. Civ. P. 38(b). Failure to make a timely jury trial request in federal court would generally waive the right to a trial by jury. Fed. R. Civ. P. 38(d). Rule 81(c) provides two other avenues in a removal case like the one we have here: First, if a party made a proper jury request under state law before the case was removed. Fed. R. Civ. P. 81(c). Second, if the state complaint already contained a jury demand that satisfied Rule 38(b). *See Lutz v. Glendale Union High Sch.,* 403 F.3d 1061, 1063-4 (9th Cir. 2004) (internal citation omitted).

Federal Rule of Civil Procedure ("FRCP") 39(b) provides that a court may, "on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). The Ninth Circuit defines this discretion narrowly, and "does not permit a court to grant relief when the failure to make a timely demand results from oversight or inadvertence," nor for a "good faith mistake of law." *Lewis v. Time Inc.,* 710 F.2d 549, 556-557 (9th Cir. 1983); *Pacific*

*Fisheries Corp. v. HIH Cas. & General Ins., Ltd.*, 239 F.3d 1000, 1003 (9th Cir. 2001).

### III. ANALYSIS

Defendant argues that because the parties made various references to the existence of a jury demand while the case was pending in state court, it is therefore implied that it would not prejudice Plaintiff. Plaintiff counters that the lack of a proper jury demand was a result of inadvertence and oversight of both parties, and therefore Defendant is precluded from arguing balancing factors. The Court finds that the failure to properly file a jury demand in state and federal court within the required deadlines was a result of inadvertence or oversight, and the motion for a jury trial should be denied.

**a. Neither Party Properly Filed a Demand for a Jury Trial in State Court as a Result of Inadvertence or Oversight.**

Neither the Plaintiff nor the Defendant in this case properly demanded a jury trial under NRCP 38(b): neither made or served a jury demand nor deposited juror fees in state court. Nev. R. Civ. P. 38(b); Fed. R. Civ. P. 38(b). Neither party made a jury demand at the time of or within fourteen days of removal. Fed. R. Civ. P. 81(c). Defendant's description of the various references to a jury trial throughout state and federal proceedings is unavailing; the facts essentially amount to a good faith mistake. *See Brooks v. Hubbell*, No. 2:23-cv-00757, 2024 WL 4804885 (D. Nev. Nov. 15, 2024) (mistaken belief that jury trial would be automatically assigned was insufficient to show more than mere inadvertence).

While Defendant acknowledges the Court's narrow discretion to grant relief to a party who failed to make a jury demand as a result of oversight or inadvertence, it relies entirely on the argument that a jury trial will not prejudice the Plaintiff, delay proceedings, or have a negative effect on the Court's calendar. *See Ruiz v. Rodriguez*, 206 F.R.D. 501, 504-5 (E.D. Cal 2002). In *Ruiz*, the Court found that the failure to comply with Rule 38(b) was due to a process server's

error, not a result of oversight or inadvertence by plaintiff or her counsel, so the court could exercise its discretion to grant plaintiff's untimely jury demand. *Id.* at 505. Here, the failure to timely demand a jury trial was clearly due to counsel's oversight or inadvertence. Because Ninth Circuit law "does not permit" the Court to grant Defendant's motion, the Court denies the motion and need not address the factors of prejudice or disruption to the administration of justice.

**IV.   CONCLUSION**

It is therefore ordered that Defendant's Motion for Jury Trial (ECF No. 74) is DENIED.

It is further ordered that the parties must refile their Proposed Joint Pretrial Order (ECF No. 70) to reflect that the case is proceeding under a bench trial by October 29, 2025.

Dated this 22nd day of October, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4