UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BYRON GREEN,

Plaintiff,

v.

WASHOE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; and DOES 1-10, inclusive,

Defendants.

Case No. 3:21-cv-442-ART-CLB

ORDER ON MOTION TO DISQUALIFY ANTHONY L. HALL AS TRIAL COUNSEL (ECF No. 81)

Plaintiff Green brings this lawsuit, including claims for breach of contract and retaliation, against Defendant WCSD ("WCSD") arising out of his termination in 2019. (ECF No. 1-1.) Before the Court is Plaintiff's Motion to Disqualify Anthony L. Hall as Trial Counsel. (ECF No. 81.)

## I. Background

Plaintiff Green seeks to disqualify WCSD's counsel, Mr. Hall, from serving as trial counsel in this matter because he will be called testify as a fact witness at trial. (ECF No. 81.)

A key disputed issue, and the basis of Plaintiff's breach of contract claim, concerns the meaning and scope of a 2018 Settlement Agreement and Mr. Hall's role and knowledge about it. (ECF No. 84-4.) In Paragraph 3 of the Settlement Agreement, the parties resolved that WCSD would "close all current and currently-contemplated investigations by WCSD's legal counsel," including outside counsel, and not subject Plaintiff to "to any discipline as a result" of them. (*Id.* at 2-3.) Paragraph 3 identifies four "currently contemplated investigations," including "(c) communications with Mr. Ricci about the issues and facts being investigated by Dustin Grate," the investigator hired by WCSD. (*Id.*) Paragraph 3

excludes from this pact certain "other matters," providing, "[i]n addition, this Agreement shall not preclude the District from investigating and taking action regarding other matters that are not currently known or contemplated by WCSD's legal counsel concerning Dr. Green." (*Id.* at 3.) Plaintiff alleges that he was terminated in violation of the Settlement Agreement. WCSD argues that Plaintiff was fired for "other matters" not covered by the Settlement Agreement.

Plaintiff's motion to disqualify is premised on their intent to call Mr. Hall as a fact witness whose knowledge is relevant to WCSD's "other matters" argument. It is undisputed that Mr. Hall was WCSD's outside counsel who negotiated and drafted the Settlement Amendment, though others were involved. Plaintiff asserts that WCSD directly placed Mr. Hall's knowledge at issue by framing, as a disputed factual issue in the Second Amended Joint Pretrial Order, whether WCSD terminated Plaintiff "for reasons that were not currently known or contemplated by WCSD's legal counsel at the time the parties entered into the Settlement Agreement." (ECF No. 77 at 14.) According to Plaintiff, Mr. Hall is the only one who can testify to what WCSD's legal counsel knew or contemplated at the time of the Settlement Agreement. WCSD responds that Mr. Hall's knowledge of the investigation and Settlement Agreement can be derived from other sources. (ECF No. 84.)

## II. Legal Standard

Motions to disqualify counsel are disfavored and are only granted when "absolutely necessary." *Switch Comm's Grp. v. Ballard*, No. 2:11-cv-00285-KJD-GWF, 2011 WL 3859725, *2 (D. Nev. Aug. 31, 2011) (citing *United States v. Titan Pacific Constr. Corp.*, 637 F. Supp. 1556, 1562 (W.D. Wash. 1986)); *see also United States v. River Irr. Dist.*, No. 3:73-cv-00127-ECF-RAM, 2006 WL 618823, *3 (D. Nev. Mar. 10, 2006) (disqualifying an attorney is a "drastic measure"). For this reason, the Ninth Circuit has held that "disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l*

*Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotations and citations omitted).

Whether an attorney should be disqualified is an issue of state law. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). The Nevada Rules of Professional Conduct provide that:

> (a) A lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness unless:
> (1) The testimony relates to an uncontested issue
> (2) The testimony relates to the nature and value of legal services rendered to the case; or
> (3) Disqualification of the lawyer would work substantial hardship on the client.

Nev. R. Prof. Con. 3.7. The rule is intended to eliminate confusion and prejudice that could result if an attorney appears before a jury as an advocate and as a witness. *DiMartino v. Eighth Judicial Dist. Ct.*, 55 P.3d 945, 947 (2003).

A lawyer is likely to be a necessary witness when his or her testimony is relevant, material, and unobtainable elsewhere. *Ahern Rentals, Inc. v. Lexington Insurance Company*, No. 2:09-cv-00679-LDG-RJJ, 2011 WL 13302279 at *1 (D. Nev. Mar. 3, 2011). It is the burden of the plaintiff to present sufficient facts that justify disqualification. *Silverberg v. Bonomo*, 2025 WL 3514715, at *2 (D. Nev. Dec. 8, 2025). A plaintiff must show, "with specificity, that the attorney sought to be disqualified is a necessary witness." *Id.*

**III. Analysis**

Plaintiff has not met his burden to show that Mr. Hall is a necessary witness under N.R.P.C. 3.7 because, even if his testimony is relevant and material, Plaintiff has not demonstrated that this evidence is unobtainable elsewhere. *See Tracey v. American Fam. Mut. Ins. Co.*, 2010 WL 3766949 at *8 (D. Nev. Sept. 14, 2010). Additionally, the nearness of the trial and the fact that this

is a bench trial counsel against granting the motion.

Plaintiff has failed to show that Mr. Hall's testimony about the scope and meaning of the Settlement Agreement is unobtainable through other witnesses. There are other sources from which to discern the scope and meaning of key terms, particularly "current and currently-contemplated investigations," "communications with Mr. Ricci about the issues and facts being investigated by Dustin Grate," and "other matters that are not currently known or contemplated by WCSD's legal counsel concerning Dr. Green." (ECF No. 84-4 at 2-3.) The Settlement Agreement itself is a primary source. (*Id.*) Dustin Grate can testify to his investigation, including any statements, conduct, and orders from Mr. Hall. (ECF No. 84 at 9-11.) Deputy Superintendent Kristen McNeill was present during settlement negotiations, signed the Settlement Agreement, knew that the only investigation being conducted at the time was Grate's, and later terminated Plaintiff. (ECF No. 84 at 5, 10.) Neil Rombardo, Chief General Counsel in the District's Office of General Counsel, was involved in the Grate investigation before he recused himself, conferred with McNeil over the drafting of the termination letter, and has knowledge of what Mr. Hall knew or contemplated at the time the Settlement Agreement. (*Id.*) McNeill and Rombardo can testify as to their knowledge of discovery in the Ricci litigation, what evidence was obtained in discovery, and when District received that evidence. (*Id.*) John Moore, Plaintiff's settlement counsel, can testify to relevant and material information regarding the drafting and negotiation process. (*Id.*)

Disqualifying trial counsel so close to trial could prejudice WCSD and may not be necessary because this is a bench trial. Disqualification is disfavored because "the potential for abuse is obvious" and could be used "as a tactical ploy." *DiMartino*, 55 P.3d at 947. Here WCSD objects to the timing of the motion so close to trial. The case has been pending for almost five years (*see* ECF No. 1; ECF No. 84 at 2) and a bench trial is set to begin on October 13, 2026. (ECF No. 82.)

Although Mr. Hall was listed as a trial witness in the joint pretrial orders (ECF No. 70 at 19; ECF No. 77 at 19), he was not among the eight, short-listed witnesses that Plaintiff intended to call (ECF No. 70 at 27; ECF No. 77 at 27). With trial just six weeks away, disqualification of Mr. Hall would force WCSD to rely on counsel with little or no trial experience or hire new counsel and would almost certainly result in a request to continue the trial.

WCSD also argues that the case is proceeding as a bench trial, so even if Mr. Hall is called a witness, disqualification is not required. The Court agrees. While Rule 3.7 is not limited to jury trials, the Nevada Supreme Court has stated that "the rule is meant to eliminate any confusion and prejudice that could result if an attorney appears before a jury as an advocate and as a witness." *DiMartino*, 55 P.3d at 947. Such concerns are diminished in a bench trial, where there is "little danger that a judge will be unable to separately evaluate the attorney's testimony and advocacy." *See Ideal Electric Co. v. Flowserve Co.*, CV-S-02-1092-DAE(LRL) 2006 WL 8441943 at *1 (D. Nev. Sept. 21, 2006) (allowing attorneys to testify as witnesses over relevant documents in bench trial because "many of the underlying policy considerations" supporting the principles established by N.R.P.C. 3.7 are not present.) In the context of a bench trial, the risks of confusion and prejudice are diminished and could be managed. To the extent Plaintiff has expressed concern that Mr. Hall's state of mind or personal knowledge regarding the negotiation, drafting, scope, or meaning of the Settlement Agreement could be elicited at trial through other witnesses, such evidentiary issues may be addressed by motion in limine or at trial.

## IV. Conclusion

It is therefore ordered that Plaintiff's Motion to Disqualify Anthony L. Hall as Trial Counsel (ECF No. 81) is DENIED.

//

//

Dated this 28th day of August, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE