**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BYRON GREEN,

Plaintiff,

v.

WASHOE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; and DOES 1-10, inclusive,

Defendants.

Case No.: 3:21-CV-00442-ART-CLB

**ORDER GRANTING**

**STIPULATION TO VACATE AND CONTINUE TRIAL**

**[First Request]**

Plaintiff Byron Green. ("Plaintiff") and Defendant Washoe County School District ("Defendant"), by and through their respective attorneys, hereby stipulate and agree that the trial in this case currently scheduled to begin Tuesday, October 13, 2026, should be vacated and reset pursuant to this Court's calendar. There are two (2) main reasons for requesting this continuance. First, Plaintiff remains committed to attempting to call Mr. Hall as a witness at trial. Defendant disputes whether Plaintiff is able to call Mr. Hall as a witness in light of this Court's ruling on the motion to disqualify Mr. Hall as trial counsel. However, as the Court noted during the August 25, 2026, hearing, there are a number of trial management issues that could arise in the event Plaintiff's attempt to call Mr. Hall to testify is successful. Several of those issues would require Defendant to

have an additional attorney capable of standing in as trial counsel in the event Mr. Hall is called as a witness at trial. As Mr. Hall has noted, neither of the associate attorneys assigned to this case have meaningful trial experience and the Defendant would need to hire competent trial counsel.

Second, on August 31, 2026, Ms. Ketner informed Simons Hall Johnston PC of the resignation of her employment. As such, Ms. Ketner will no longer be employed by Simons Hall Johnston PC as of the trial date. As this Court is likely aware, Ms. Ketner was the associate attorney most familiar with the facts of this case. As a result, by the time the trial begins, Defendant will not have an attorney with any trial experience that would be available in the event Plaintiff succeeds at calling Mr. Hall to testify. In light of these reasons, the parties have mutually agreed to stipulate to vacate and continue the trial.

The parties also note that Plaintiff's counsel has an Airbnb rental that must be cancelled on or before September 10, 2026, to avoid incurring approximately $6,000 in costs. As a result, the parties request this Court approve or deny this stipulation as soon as possible.

To facilitate the continuance of the trial, the parties also stipulate and agree that the prior stipulation and this Court's Order Granting Stipulation Waiving Enforcement of the Five-Year Rule shall continue in full force and effect for the remainder of this litigation. *See* ECF No. 63.

The parties stipulate and agree that while they would like to request the trial be reset in January or February 2027, the parties will reset the trial in this case pursuant to the Court's calendar. The parties also stipulate and agree that they will not seek any additional continuances of the next trial date provided by the Court.

The parties stipulate and agree that the motion in limine deadline currently set for September 11, 2026, should be reset for thirty (30) days prior to the first date of trial as it is reset by this Court.

The parties respectfully request that in the event this Court grants this stipulation to vacate and continue the trial, the Court set a status conference to set a new trial date and deadlines associated with that new trial date.

/ / /

/ / /

/ / /

DATED this 1st day of September 2026.

LAGOMARSINO LAW

*/s/ Andre Lagomarsino*

Andre M. Lagomarsino, Esq.
Taylor Jorgensen, Esq.
3005 West Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
*Attorneys for Plaintiff*

DATED this 1st day of September 2026.

SIMONS HALL JOHNSTON PC

/s/ *Anthony L. Hall*

Anthony L. Hall, Esq.
Sandra Ketner, Esq.
Jonathan A. McGuire, Esq.
690 Sierra Rose Drive
Reno, NV 89511
*Attorneys for Defendant*

**ORDER**

Based on the parties agreement, and good cause appearing, the stipulation to vacate and continue trial (ECF No. 92) is granted.

It is ordered that the bench trial scheduled to commence on Tuesday, October 13, 2026, is vacated.

It is further ordered that the Order Regarding Trial (ECF No. 82) and associated trial related deadlines are vacated. An amended order regarding trial will be entered with new deadlines once a rescheduled bench trial date is selected.

It is further ordered that the Deputy Clerk coordinate with counsel to secure a date and time for a status conference to address prospective dates to reschedule the bench trial.

Dated this 2nd day of September, 2026.

Anne R. Traum
United States District Judge